

FILED

Jul 17 2019, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jesse L. Smith,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 17, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2597<br><br>Appeal from the Vigo Superior<br>Court<br><br>The Honorable Sarah K. Mullican,<br>Judge<br><br>Trial Court Cause No.<br>84D03-1803-F3-929 |

**Pyle, Judge.**

## Statement of the Case

[1] Jesse Smith ("Smith") appeals his conviction for Level 6 felony criminal recklessness,[1] claiming that his convictions for Level 3 felony attempted aggravated battery and Level 6 felony criminal recklessness violate Indiana's Double Jeopardy Clause. Concluding that the actual evidence presented at trial supports separate convictions, we affirm Smith's conviction.

[2] We affirm.

## Issue

Whether Smith's convictions violate Indiana's double jeopardy prohibition.

## Facts

[3] Smith and Orville Johnson ("Johnson") were both dating Smith's brother's estranged wife Roxanne Smith ("Roxanne"). On the night of March 16, 2018, Johnson and Smith planned to meet up and fight each other at a local Family Video store in Terre Haute. However, the two mistakenly traveled to different Family Video store locations. When they spoke on the phone trying to figure out where the other one was, Johnson called off the fight and told Smith that he was going to a McDonald's restaurant instead to get something to eat.

[4] Johnson then went to a nearby McDonald's with some friends, including Jlee Betz ("Betz"). While at the McDonald's, Johnson spoke to Smith on the phone again, and the two men started arguing. Smith soon arrived at the McDonald's accompanied by Roxanne.

---

[1] IND. CODE § 35-42-2-2(B)(1).

[5]   Once Johnson and his friends realized that Smith had come to the McDonald's, they stepped outside to confront him. By this time, Smith and Roxanne had entered the McDonald's drive-thru line. Johnson and his friends waited for Smith to finish at the drive-thru window, and then Betz walked up to Smith's truck. Smith pointed a gun at him and told him not to come any closer. As Betz turned around and retreated to the curb, he heard a gunshot and the squeal of Smith's vehicle tires behind him. Johnson heard Smith fire multiple gunshots.

[6]   Betz then turned back around to face Smith's truck. Betz pulled out his gun and fired twice at Smith. Smith sped his truck out of the parking lot onto Lafayette Street, drove away from the restaurant, and then made a U-turn so that he could return to the scene. Smith drove back by the McDonald's, aimed toward the building and fired his gun multiple times, shattering one of the McDonald's windows. As this happened, Betz tried to protect bystanders both in and out of the restaurant, urging them to lie on the ground. When police arrived at the scene, Betz provided his weapon to them.

[7]   The next morning, police found Smith hiding in the basement of Roxanne's friend's house. The State subsequently charged Smith with one count of Level 3 felony attempted aggravated battery, Level 5 felony carrying a handgun without a license, Level 6 criminal recklessness, Level 6 felony operating a vehicle as a habitual traffic violator, and Class A misdemeanor carrying a handgun without a license.

[8]   In August 2018, the trial court held a three-day jury trial. During closing arguments, the prosecuting attorney brought up both shooting incidents – the

shots Smith fired at Betz in the parking lot and the shots Smith fired at the McDonald's building while driving on Lafayette Street – when discussing the criminal recklessness charge. (*See* Tr. Vol. 3 at 115 ("Now, Criminal Recklessness, he actually committed twice. You can find the Criminal Recklessness in that he … fired at [Betz]"); Tr. Vol 3 at 116 ("The other Criminal Recklessness is when he was out on . . . Lafayette and fired back again at the . . . building, or at the people . . . there at the building.")).

[9]     Regarding the aggravated battery charge, the prosecutor argued that Smith went to the McDonald's upset and looking for trouble and directed that anger at Betz. The prosecutor mentioned the shots that Smith fired while Betz's back was turned as well as Smith's attempt to strike Betz with his truck. (*See* Tr. Vol 3 at 117 ("[Smith] also said … that he drove up on the curb and tried to hit [Betz] with the car. So, this is a guy that is clearly attempting aggravated battery.")). In his closing rebuttal argument, the prosecutor again discussed the shots that Smith fired at Betz while the two were in the McDonald's parking lot.

[10]    The jury subsequently found Smith guilty on all counts. Smith now appeals.

# Decision

[11]    On appeal, Smith argues that his convictions for Level 3 felony attempted aggravated battery and Level 6 felony criminal recklessness violate Indiana's Double Jeopardy Clause. For the reasons below, we affirm Smith's convictions.

[12] Article 1, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Two offenses are the same offense for double jeopardy purposes if, "with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999) (emphasis omitted). Under the actual evidence test, "the actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts." *Id.* at 53. To find a double jeopardy violation under this test, we must conclude that there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id.*

[13] A "reasonable possibility" requires substantially more than a logical possibility, and "turns on a practical assessment of whether the [fact-finder] may have latched on to exactly the same facts for both convictions." *Garrett v. State*, 992 N.E.2d 710, 719–20 (Ind. 2013). "We evaluate the evidence from the [fact finder's] perspective and may consider the charging information, jury instructions, and arguments of counsel." *Id.* at 720. Whether multiple convictions violate double jeopardy is a question of law, which this Court reviews *de novo*. *Black v. State*, 79 N.E.3d 965, 975 (Ind. Ct. App. 2017).

[14] Under INDIANA CODE § 35-42-2-1.5, a person commits aggravated battery when he "knowingly or intentionally inflicts injury on a person that creates a

substantial risk of death[.]" INDIANA CODE § 35-41-5-1 makes it a crime to attempt to commit aggravated battery. Under INDIANA CODE § 35-42-2-2(a), a person commits criminal recklessness if he "recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person." The offense is "a Level 6 felony if … it is committed while armed with a deadly weapon." I. C. § 35-42-2-2(b)(1).

[15] Here, Smith argues that although attempted aggravated battery and criminal recklessness do not share identical statutory elements, the actual evidence presented at trial does not support separate offenses. We disagree.

[16] Separate and distinct facts support Smith's convictions for attempted aggravated battery and criminal recklessness, namely the two separate incidents of shooting. In its closing arguments, the State cited only the aggression Smith showed toward Betz as evidence of attempted aggravated battery,[2] specifically highlighting the parking lot shooting (not the Lafayette Street shooting). By contrast, when discussing the criminal recklessness charges, the State pointed additionally to the Lafayette Street shooting and the recklessness Smith exhibited toward bystanders by firing at the McDonald's building itself and shattering a window. For that reason, we cannot conclude, in our assessment of the evidence, that the jury "latched on to exactly the same facts for both

[2] In his brief, Smith makes much of the State's charging information for attempted aggravated battery, specifically the absence of allegations that Smith tried to strike Betz with his truck. Because we find that other separate and distinct evidence supports the attempted aggravated battery conviction, we need not address this argument.

convictions." *See Garrett*, 992 N.E.2d at 719–20.  Thus, there was not a reasonable possibility that the jury used the same evidentiary facts when finding Smith guilty of both offenses.  Accordingly, we affirm the convictions.

Affirmed.

Riley, J., and Bailey, J., concur.